# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD L. GILL, | : | HABEAS CORPUS |
| Inmate # 05505-032, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-3552-TWT-GGB |
| | : | |
| J.A. KELLER, Warden, | : | |
|     Respondent. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Donald L. Gill, an inmate at the United States Penitentiary in Atlanta, Georgia, has filed a petition under 28 U.S.C. § 2241 seeking to challenge his sentence imposed by the United States District Court for the Eastern District of Kentucky. *See United States v. Gill*, Criminal No. 2:95-cr-00082-WOB-1 (E.D. Ky. Aug. 21, 1997). This matter is now before me for a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1] For the reasons discussed below, I recommend that Petitioner's petition be dismissed.

---

[1] Rule 4 requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

## Background

Petitioner was convicted by a jury in the United States District Court for the Eastern District of Kentucky of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846, possession with intent to distribute crack cocaine, and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See United States v. Gill*, Criminal No. 2:95-cr-00082-WOB-1 (E.D. Ky. Aug. 21, 1997), at Doc. 136; *United States v. Gill*, No. 97-6053, 1998 WL 393798, at *1 (6th Cir. June 15, 1998). Petitioner was sentenced to the statutory sentence of life imprisonment on counts one and two, concurrent with each other, and sixty months mandatorily consecutive on count three. *Gill*, 1998 WL 393798, at *1. Petitioner appealed, and his conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit on June 15, 1998. *Id.* Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255, and the sentencing court denied the motion on March 31, 2000. *United States v. Gill*, Criminal No. 2:95-cr-00082-WOB-1, at Docs. 165, 183.

On October 17, 2011, Petitioner filed this petition under 28 U.S.C. § 2241, alleging that his sentence was improperly enhanced under 21 U.S.C. § 841(b)(1)(A)

2

and 21 U.S.C. § 851(a) based upon his prior convictions. Specifically, Petitioner argues that the Supreme Court case of *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) shows that he is actually innocent of the enhanced sentence, because Petitioner did not serve a sentence of imprisonment exceeding one year on the prior convictions relied on in the 21 U.S.C. § 851(a) motion. [Doc. 1 at 2-3].

## **Discussion**

"Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255." *Lancaster v. Warden, FCC Coleman-Medium*, No. 10-13005, 2011 WL 2650850, at *1 (11th Cir. July 7, 2011) (citing *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003)). "Under the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention."[2] *Sawyer*, 326 F.3d at 1365. A claim may be presented via § 2241 "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme

---

[2]"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255(e) (the "savings clause").

3

Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

Petitioner's reliance on *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) does not provide him with any relief. In *Carachuri–Rosendo*, the Supreme Court considered whether the defendant, who had been convicted of two misdemeanor drug offenses in state court, qualified as having been convicted of an "aggravated felony" under 8 U.S.C. § 1101(a)(43) of the Immigration and Naturalization Act. *Carachuri-Rosendo*, 130 S. Ct. at 2583. The case is not "directly on point" and would require "an extension of the Supreme Court's decision." *Edwards v. Warden, FCC Coleman-Medium*, No. 10-10301, 2011 WL 2555748, at *1-2 (11th Cir. June 28, 2011) (quoting *Flint v. Jordan*, 514 F.3d 1165, 1167 (11th Cir. 2008) (holding savings clause does not apply if petitioner is seeking an extension of a Supreme Court decision)); *see also Cortes-Morales v. Haynes*, No. CV210-159, 2011 WL 2680747, at *1 (S.D. Ga. July 8, 2011) (holding that *Carachuri-Rosendo* offered no relief to a petitioner challenging his sentence enhancement in a § 2241 petition). Also, Petitioner was sentenced in 1997, before *Carachuri-Rosendo* was decided, and the

4

AO 72A
(Rev.8/82)

decision has not been held to be retroactively applicable to cases on collateral review. *See United States v. Rodriguez-Mendez*, No. 4:02CR3020, 2011 WL 3799943, at *4 (D. Neb. Aug. 29, 2011) (holding that *Carachuri-Rosendo* does not apply retroactively to cases on collateral review); *Thomas v. Holland*, No. 0:10-CV-00098-HRW; 2011 WL 2446373, at *5 (E.D. Ky. June 15, 2011) (same). Because the Supreme Court decision in *Carachuri-Rosendo* does not change any sentencing enhancement Petitioner received, Petitioner has not satisfied the requirements of the savings clause.

Furthermore, "the savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." *Gilbert v. United States*, 640 F.3d 1293, 1315 (11th Cir. 2011). The savings clause does not apply to Petitioner's claim, as the sentence imposed (life) was within the statutory maximum (life). *See Williams v. Haynes*, No. CV210-180, 2011 WL 2669070, at *3-4 (S.D. Ga. June 16, 2011) (recommending that § 2241 petition challenging petitioner's armed career criminal enhancement to his sentence be dismissed), *report and recommendation adopted by* No. CV210-180, 2011 WL 2666839 (S.D. Ga. July 6, 2011); *see also* 21 U.S.C. 841(b)(1)(A) (listing statutory minimum and maximum

sentence for Movant's offense). Thus, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, **I RECOMMEND** that Petitioner's petition be **DISMISSED**. Because a federal prisoner does not require a certificate of appealability ("COA") to appeal the denial of a § 2241 petition, *see Sawyer*, 326 F.3d at 1364 n.3, no COA recommendation is given in this matter under Rule 11(a) of the Rules Governing Section 2254 Cases.

**I ORDER** that Petitioner be **GRANTED** *in forma pauperis* status for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the reference to me.

**IT IS SO ORDERED AND RECOMMENDED** this 14th day of November, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)